IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GRAHAM SCHIFF

      v.                         :   Civil Action No. DKC 23-338

ANTHONY BROWN, et al.

**MEMORANDUM OPINION**

Plaintiff Graham Schiff commenced this action to challenge the constitutionality of Maryland laws that criminalize harassment via phone and electronic mail. Presently pending and ready for resolution are motions for preliminary injunction (ECF No. 11), for a temporary restraining order (ECF No. 13), to disqualify defense counsel (ECF Nos. 23, 36), and for summary judgment (ECF No. 37), filed by Plaintiff; a motion to dismiss filed by Defendants Marcus Jones, Montgomery County Police Department, and Nicholas Picerno (ECF No. 25); and a motion to dismiss filed by Defendants Anthony Brown and John McCarthy (ECF No. 31). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motions will be denied; the motion to dismiss filed by Defendants Jones, Picerno, and Montgomery County Police Department will be granted in part and denied in part; and the motion to

dismiss filed by Defendants Brown and McCarthy will be granted in part and denied in part.

## I.   Background

The following facts are alleged in Plaintiff's Amended Complaint. (ECF No. 10-3). In 2019, Plaintiff was arrested, charged, and convicted of stalking under Md. Code Ann., Crim. Law § 3-802, for his communications to an assistant state's attorney. (*Id.* ¶¶ 2-3). In October 2022, Plaintiff was again arrested and charged for communications he sent to or about United States Supreme Court Justice Kavanaugh and/or Justice Kavanaugh's wife. (*Id.* ¶¶ 7-8). Those charges were later dropped. (*Id.* ¶ 8).

In December 2022, Plaintiff called and emailed the Montgomery County Police Department ("MCPD") about recovering property that was taken during the execution of a search warrant in connection with the October 2022 arrest. (*Id.* ¶ 9). MCPD Captain Nicholas Picerno sent Plaintiff an email on December 22, 2022, a copy of which Plaintiff attached to his initial complaint. (ECF No. 1, at 11-12). The email stated the following:

> It is my understanding that you were provided information on December 20th on how to retrieve your property from the 1st District station.
> Furthermore, in the past week, you have emailed me twice and called my office twice. The nature of these communications contained mostly irrelevant commentary, including derogatory comments about Montgomery County Police (MCPD) employees and their physical appearance. This also includes emails you

have sent to other Montgomery County Police employees, including Officer Weber, that contained no official business requests and were derogatory and insulting.

Sections 3-804 and 3-805 of the Criminal Law Article of the Annotated Code of Maryland state:

§3-804. Misuse of telephone facilities and equipment:

**a. Prohibited.- A person may not use telephone facilities or equipment to make:**

1. An anonymous call that is reasonably expected to annoy, abuse, torment, harass, or embarrass another;

2. **Repeated calls with the intent to annoy, abuse, torment, harass, or embarrass another; or**

3. A comment, request, suggestion, or proposal that is obscene, lewd, lascivious, filthy, or indecent.

[b]. Penalty.- A person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $500 or both.

§3-805. Misuse of electronic mail:

**(b)(1) A person may not maliciously engage in a course of conduct, through the use of electronic communication, that alarms or seriously annoys another:**

**(i) with the intent to harass, alarm[,] or annoy the other;**

**(ii) after receiving a reasonable war[n]ing or request to stop by or on behalf of the other; and**

**(iii) without a legal purpose.**

. . .

Your frequent harassing phone calls constitute telephone harassment under §3-804(a)(2) of the Criminal Law Article.

> Your emails constitute misuse of electronic mail under §3-805(b)(1) of the Criminal Law Article.  Therefore, I instruct you to stop this pattern of harassing telephone calls and electronic mail communications with all employees of the Department.
>
> If you continue to engage in this pattern of harassing telephone calls and electronic mail to employees of Montgomery County Police Department, you will be referred to the State's Attorney's Office for prosecution for misuse of telephone facilities under §3-804(a)(2) of the Criminal Law Article and misuses of electronic mail under §3-805(b)(1) of the Criminal Law Article.
>
> In the future, should you need to conduct any further <u>official business</u> with the Montgomery County Policy Department, please use either the non-emergency number, the relevant district station main line, or 911 if the event is an emergency.

(*Id.*).

Plaintiff, proceeding pro se, filed a complaint against Defendants Anthony Brown, in his official capacity as the Attorney General of Maryland; John McCarthy, in his official capacity as the State's Attorney of Montgomery County; Nicholas Picerno, in his official capacity as Captain for the Montgomery County Police Department; and Marcus Jones, in his official capacity as Chief of the Montgomery County Police Department.  (ECF No. 1).  Plaintiff later amended his complaint to add the Montgomery County Police Department as a defendant.  (ECF No. 10).

The Amended Complaint challenges the constitutionality of Md. Code Ann., Crim. Law §§ 3-802 through 3-805 (the "Maryland anti-harassment laws").  (ECF No. 10-3).  Sections 3-804 and 3-805,

4

referenced in the email quoted above, criminalize harassment via phone call and email, respectively.  Sections 3-802 and 3-803 criminalize stalking and harassment, respectively.[1]  As previously mentioned, Plaintiff was convicted of stalking under § 3-802 in 2019; it is unclear from the Amended Complaint whether Plaintiff has ever been charged or convicted of harassment under § 3-803.

Plaintiff claims that these laws violate the free speech clause of the First Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment.[2] Plaintiff's claim will be construed as a claim brought pursuant to 42 U.S.C. § 1983, which provides a cause of action against state

---

[1]  Md. Code Ann., Crim. Law § 3-802 defines stalking as "a malicious course of conduct" that intentionally or knowingly "place[s]another in reasonable fear" of "serious bodily injury," "assault," "rape," "false imprisonment," or "death," or causes the other "serious emotional distress."
Md. Code Ann., Crim. Law § 3-803 defines harassment as

> follow[ing] another in or about a public place or maliciously engag[ing] in a course of conduct that alarms or seriously annoys the other:
> (1) with the intent to harass, alarm, or annoy the other;
> (2) after receiving a reasonable warning or request to stop by or on behalf of the other; and
> (3) without a legal purpose.

[2] Plaintiff also claims, in passing, that the laws violate the "probable cause/unlawful search and seizure" clauses of the Fourth Amendment and the due process clause of the Fourteenth Amendment, but he does not explain in what way they do so. (ECF No. 10-3, at 20).

actors for deprivation of rights guaranteed by the United States Constitution.  Plaintiff claims that the four anti-harassment laws are unconstitutional as applied to him,[3] and he also claims that §§ 3-802 and 3-804 are facially overbroad.  He alleges that there is a credible threat that the laws will be enforced against him in the future and, therefore, that they have a chilling effect on his speech.  Plaintiff seeks a declaratory judgment that the laws are unconstitutional, an injunction to prevent future prosecutions of Plaintiff under those laws, and the appointment of a special master to oversee all future prosecutions of Plaintiff.

Plaintiff filed motions for a preliminary injunction and a temporary restraining order, requesting that the court appoint a special master to oversee any prosecutions initiated against Plaintiff during the pendency of this litigation.  (ECF Nos. 11, 13).  Plaintiff also filed a motion to disqualify Wendi Shiff, the Assistant Attorney General who represents Defendants Brown and McCarthy in this case.  (ECF No. 23).  Plaintiff contends that Ms. Shiff has a "conflict of interest" because of her involvement in the prior criminal prosecutions of Plaintiff.  Plaintiff later filed a supplement to this motion, requesting that the entire

---

[3] Defendants interpret the Amended Complaint as only bringing an as-applied challenge as to §§ 3-803 and 3-805, but the court reads it as bringing an as-applied challenge as to all four laws, given that he seeks an injunction preventing Defendants from initiating criminal proceedings against him under all four laws. (*See* ECF No. 10-3 ¶¶ 55-56).

Office of the Attorney General of Maryland be disqualified from the case for the same reason.  (ECF No. 36).  Defendants Jones, Picerno, and Montgomery County Police Department filed a motion to dismiss the complaint for lack of standing and failure to state a claim, moving in the alternative for a more definite statement.  (ECF No. 25).  Defendants Brown and McCarthy separately filed their own motion to dismiss for lack of standing and failure to state a claim.  (ECF No. 31).  Finally, Plaintiff moved for summary judgment on all his claims except his request for the appointment of a special master.  (ECF No. 37).  Plaintiff did not attach any exhibits to his motion for summary judgment.

## II.  Analysis

### A. Motion to Disqualify Counsel

Disqualification of counsel is considered a "drastic remedy" that is "permitted only [w]here the conflict is such as clearly to call in question the fair and efficient administration of justice." *Gross v. SES Americom, Inc.*, 307 F.Supp.2d 719, 722-23 (D.Md. 2004) (citing Maryland Attorneys' Rules of Professional Conduct Rule 19-301.7) (internal quotation marks omitted); *see also Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145-46 (4th Cir. 1992).  Under the Maryland Attorneys' Rules of Professional Conduct ("MRPC"),

> A conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be

> materially limited by the attorney's
> responsibilities to another client, a former
> client or a third person or by a personal
> interest of the attorney.

MRPC 19-301.7.  There is no apparent conflict of interest in the representation by Ms. Shiff or the Office of the Attorney General of Defendants Brown and McCarthy in this case.  Their involvement in the prior prosecution of Plaintiff creates no conflict because their interests were adverse to Plaintiff then and remain adverse to Plaintiff now.  Because there is no conflict of interest, Plaintiff's motion to disqualify counsel will be denied.

### B.  Motions to Dismiss

In their motions to dismiss, Defendants argue that Plaintiff's claim should be dismissed because (1) he lacks standing, and (2) he has failed to state a claim under 42 U.S.C. § 1983 of an infringement on free speech rights by the Maryland anti-harassment laws, either on their face or as applied to Plaintiff.  Defendant MCPD also argues that it is not an entity that is capable of being sued.

Motions to dismiss under Fed.R.Civ.P. 12(b)(6) test the sufficiency of the facts alleged in the complaint, which must allege enough facts to state a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Additionally, when a plaintiff is proceeding pro se, his "pleadings are to be liberally construed," and his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (internal quotation marks omitted).

A motion to dismiss for lack of standing is governed by Fed.R.Civ.P. 12(b)(1) because it is premised on the court lacking subject matter jurisdiction to hear the case. *See Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 715-16 (4th Cir. 2015). Where a defendant contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," the court affords the plaintiff the same procedural protections as it does when evaluating a motion to dismiss for failure to state a claim—that is, the court construes the facts alleged in the complaint as true and most favorably to the plaintiff. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court must determine whether it has subject matter jurisdiction before

reaching the merits of the case. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

### 1. Standing

Defendants argue that Plaintiff lacks standing to challenge the Maryland anti-harassment laws because he cannot show an injury in fact. Because federal courts only have jurisdiction over cases or controversies, it is imperative that a plaintiff has standing in order to sue. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992). To have standing, a plaintiff must (1) "have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) show a "causal connection between the injury and the conduct complained of"; and (3) show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61 (internal quotation marks and citations omitted).

These requirements are somewhat relaxed in First Amendment cases. *See Sec'y of State of Md. v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 956 (1984). Because of the "possibility that, rather than risk punishment for his conduct in challenging [a] statute, [a plaintiff] will refrain from engaging" in protected speech activities, *id.*, the injury-in-fact element may be satisfied by a showing of "self-censorship, which occurs when a [plaintiff] is chilled from exercising h[is] right to free expression." *Benham*

*v. City of Charlotte*, 635 F.3d 129, 135 (4th Cir. 2011) (internal quotation marks omitted).  Alternatively, plaintiffs can satisfy the injury-in-fact element by showing "that they intend to engage in conduct at least arguably protected by the First Amendment but also proscribed by the policy they wish to challenge, and that there is a 'credible threat' that the policy will be enforced against them when they do so."  *Abbott v. Pastides*, 900 F.3d 160, 176 (4th Cir. 2018) (quoting *Kenny v. Wilson*, 885 F.3d 280, 288 (4th Cir. 2018)).  In determining whether a party has standing, "[w]hether the statute in fact constitutes an abridgement of the plaintiff's freedom of speech is, of course, irrelevant to the standing analysis."  *Meese v. Keene*, 481 U.S. 465, 473 (1987) (internal quotation marks omitted).[4]

In *Cooksey v. Futrell*, 721 F.3d 226 (4th Cir. 2013), the United States Court of Appeals for the Fourth Circuit held that a litigant had standing to challenge a North Carolina licensing law that restricted who may provide dietary and nutrition advice to the public.  In that case, the North Carolina Board of Dietetics and Nutrition advised Mr. Cooksey that his nutrition advice website was under investigation, that the Board could "seek an injunction"

---

[4] "Although the assertion of a facial challenge to an ordinance based on the First Amendment may warrant some relaxation of the prudential rule that a claimant may assert her own rights only, the claimant must nevertheless satisfy the injury-in-fact requirement grounded in Article III."  *Benham*, 635 F.3d at 135.

against him, and that he should remove certain aspects of his website in order to comply with the state licensing law. *Id.* at 231-32. The Fourth Circuit held that Mr. Cooksey had suffered an injury in fact both because his speech was chilled by the Board's actions and because there was a credible threat of prosecution. *Id.* at 236-38.

Similar to *Cooksey*, Plaintiff has suffered an injury in fact in the form of a credible threat of prosecution under §§ 3-804 and 3-805, based on MCPD's email that explicitly threatened to refer him for prosecution under those laws if he continues to call and email MCPD in the same manner. This email would be "likely to deter a person of ordinary firmness" from continuing to engage in the restricted speech activities and presents a "credible threat of prosecution" under those laws. *Id.* at 236-37 (internal quotation marks omitted) (quoting *Benham*, 635 F.3d at 135). Additionally, there is a clear "causal connection" between MCPD's actions and Plaintiff's chilled speech and fear of prosecution, and a declaratory judgment that §§ 3-804 and 3-805 are unconstitutional would redress his injury. *Lujan*, 504 U.S. at 560. Thus, Plaintiff has standing to challenge §§ 3-804 and 3-805.

Plaintiff has not, however, alleged sufficient facts to show that he has suffered an injury in fact as to §§ 3-802 and 3-803. Plaintiff has not alleged that MCPD has threatened to refer him

for prosecution under those laws, either in the referenced email or otherwise.  Plaintiff relies solely on his prior arrests and convictions for stalking as support for his fear of future prosecution under that law.  While "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *see also Abbott*, 900 F.3d at 176 ("[A] plaintiff seeking prospective injunctive relief may not rely on prior harm to establish Article III standing." (internal quotation marks omitted)).  Plaintiff has not alleged that the conduct for which he was previously arrested and convicted is similar to the conduct he now fears will lead to prosecution for stalking or harassment—his calls and emails to the MCPD.  Indeed, he provides few details about his past arrests and convictions.  Additionally, he does not clearly allege that he has ever been charged or convicted under § 3-803 for harassment.  Thus, any threat of future prosecution of Plaintiff under §§ 3-802 and 3-803 is conjectural at this point.

Plaintiff has failed to allege sufficient facts showing that there is a credible threat that he will be prosecuted under §§ 3-802 and 3-803 or that the existence of those laws has reasonably chilled his protected speech.  Because Plaintiff has

failed to satisfy the injury-in-fact element as to §§ 3-802 and 3-803, he lacks standing to challenge those laws.  Those aspects of his claim will be dismissed for lack of subject matter jurisdiction.

### 2.  Legal Entity Status of MCPD

Defendants Jones, Picerno, and MCPD move to dismiss the claims against MCPD on the ground that MCPD is not a legal entity capable of being sued.  Maryland courts have held that county police departments "are not legally cognizable entities subject to suit in [their] own name." *Hines v. French*, 157 Md.App. 536, 573 (2004) (internal quotation marks omitted).  Plaintiff concedes this in his response to the motion to dismiss filed by Defendants Jones, Picerno, and MCPD.  (ECF No. 29, at 4).  Thus, the claims against Montgomery County Police Department will be dismissed.

### 3.  First Amendment Challenge[5]

Defendants contend that Plaintiff has failed to state adequate facts supporting either a facial or as-applied First Amendment challenge to the Maryland anti-harassment laws.  The First Amendment prohibits state and local governments, via the Fourteenth Amendment, from "abridging the freedom of speech." U.S. Const. amend. I; *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

---

[5] Because Plaintiff has not provided any support for his separate claims based on the Fourth and Fourteenth Amendments, *see supra* note 2, those claims will be dismissed for failure to state a claim.

There are exceptions to this prohibition—"[l]aws that impinge upon speech receive different levels of judicial scrutiny depending on the type of regulation and the justifications and purposes underlying it." *Stuart v. Camnitz*, 774 F.3d 238, 244 (4th Cir. 2014).  For example, "regulations that discriminate against speech based on its content are presumptively invalid, and courts usually apply the most exacting scrutiny." *Id.* (internal quotation marks and citations omitted).  Conversely, the First Amendment does not protect "certain categories of speech, including defamation, incitement, obscenity, and pornography produced with real children." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245-46 (2002).

"As-applied" challenges to a statute are generally based on the contention that a law's "application to a particular person under particular circumstances deprived that person of a constitutional right." *BLM of Shenandoah Valley, LLC v. Augusta County*, No. 5:21-cv-00060, 2023 WL 2505493, at *7 (W.D.Va. Mar. 14, 2023).  These challenges are usually "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009).

Defendants' only argument as to why Plaintiff's as-applied challenge should be dismissed is that the phone and email harassment laws have not been "applied" to Plaintiff because he

was never charged under those laws.  (ECF Nos. 25, at 11; 31-1, at 7).  They cite no authority for this argument.  To the contrary, as previously discussed, a credible threat of enforcement of a statute as to a specific plaintiff gives that plaintiff standing to mount an as-applied challenge to a statute.  *See Preston v. Leake*, 660 F.3d 726, 735 (4th Cir. 2011) (noting that a "credible threat of prosecution" gave the plaintiff "standing to mount an as-applied challenge to the statute").

Plaintiff has alleged that his speech via phone calls and emails to the MCPD was met with threatened prosecution under §§ 3-804 and 3-805, which proscribes speech via phone and email made with an intent to annoy, harass, or embarrass another, among other things.  At the motion to dismiss stage, the court cannot opine on the merits of this claim but simply evaluates whether Plaintiff has stated a plausible claim upon which relief can be granted.  Indeed, there is no "developed factual record" before the court to allow a determination of whether Plaintiff's calls and emails were properly restricted as unprotected speech or conduct rather than protected speech.  The allegations in the Amended Complaint are sufficient to state a plausible claim that the application of §§ 3-804 and 3-805 to Plaintiff was unconstitutional.

A facial challenge, on the other hand, is premised on the contention that a statute is unconstitutional on its face,

16

regardless of its application to the plaintiff.   As the Fourth Circuit has explained,

> In the First Amendment context, there are two ways for a plaintiff to mount a facial challenge to a statute.  First, the plaintiff may demonstrate that no set of circumstances exists under which [the law] would be valid, or that the [law] lacks any plainly legitimate sweep.  Second, the plaintiff may show that the law is overbroad [because] a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.

*Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 282 (4ᵗʰ Cir. 2013) (internal quotation marks and citations omitted) (citing *United States v. Stevens*, 559 U.S. 460, 472-73 (2010)).

Here, as Defendants argue, it cannot be said that there is no set of circumstances under which § 3-804 would be valid.[6]  Indeed, the Fourth Circuit has held that West Virginia's analogous telephone harassment law, albeit with somewhat different statutory language, is constitutional on its face and as applied to the litigant in that case.  *See Thorne v. Bailey*, 846 F.2d 241, 243-44 (4ᵗʰ Cir. 1988).  Additionally, Congress has passed a similar federal telephone harassment statute, *see* 47 U.S.C. § 223(a)(1),

---

[6] Plaintiff only brings a facial challenge as to § 3-804 and not § 3-805, conceding that § 3-805's exception for "peaceable activity (1) intended to express a political view or provide information to others; or (2) conducted for a lawful purpose" saves it from being overbroad.  (ECF No. 10-3 ¶ 51).

which other circuits have upheld against as-applied challenges. *See generally United States v. Lampley*, 573 F.2d 783 (3d Cir. 1978); *United States v. Weiss*, No. 20-10283, 2021 WL 6116629 (9th Cir. Dec. 27, 2021).

Defendants also argue that Plaintiff has not alleged that any applications of § 3-804, other than its application to himself, are unconstitutional.  They misread Plaintiff's Amended Complaint. Plaintiff alleges that § 3-804 "criminalizes any number of commonplace situations in which an individual engages in expressive activity that might offend a private citizen and/or public official."  (ECF No. 10-3 ¶ 17).  He goes on to provide an example: "the law prohibits a person from repeatedly calling a politician to complain about a bill they sponsored . . . if he or she persists in calling[] and said politician claims to be annoyed, abused, tormented, harassed, or embarrassed."  (*Id.* ¶ 18).  In any event, it is premature at this stage, without the benefit of discovery, to conceive of the spectrum of applications of § 3-804 and assess whether most or all of them are constitutional.  *See Greater Balt. Ctr. for Pregnancy Concerns*, 721 F.3d at 282 (explaining that discovery is needed "as a precursor to any true facial analysis" and determining that "the district court could not properly evaluate the [challenged statute's] validity in all or most of its applications without evidence" regarding its applications).  By alleging that § 3-804 is facially overbroad in

18

that it criminalizes a substantial number of protected speech activities in addition to its legitimate applications, Plaintiff has alleged sufficient facts to support a facial challenge as well. Thus, Defendants' motions to dismiss as to Plaintiff's First Amendment facial and as-applied challenges will be denied.

Defendants Jones and Picerno also move for dismissal or, in the alternative, for a more definite statement based on the Amended Complaint's failure to provide a separate explanation of the basis for the claims against each individual Defendant and its grouping of the Defendants together. (ECF No. 25, at 4-6, 13-14). Defendants Brown and McCarthy also express in their motion some uncertainty as to what allegations apply to them specifically. (ECF No. 31-1, at 7). Because pro se complaints are to be construed liberally, and because the court had little difficulty making out Plaintiff's claims, the Amended Complaint will not be dismissed on this basis. To assist Defendants in preparing their responses, however, Plaintiff will be directed to provide a more definite statement pursuant to Fed.R.Civ.P. 12(e). Plaintiff will be ordered to file a second amended complaint that more clearly indicates which allegations pertain to which individual defendants within fourteen (14) days.

## C. Plaintiff's Motions

Because parts of Plaintiff's Amended Complaint will survive Defendants' motions to dismiss, it is appropriate to evaluate

19

Plaintiff's motions for preliminary injunction, temporary restraining order, and summary judgment as to those remaining claims.   Fed.R.Civ.P. 65 governs preliminary injunctions and temporary restraining orders.   While different procedures apply to preliminary injunctions and restraining orders, *see Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999), the standard for granting either is the same, and they are both viewed as "extraordinary" remedies.   *See Sarsour v. Trump*, 245 F.Supp.3d 719, 728 (E.D.Va. 2017).   The moving party must establish, through a "clear showing," that "1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm absent preliminary relief; 3) the balance of the equities favors relief; and 4) the relief is in the public interest." *Leaders of a Beautiful Struggle v. Balt. Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008).

Fed.R.Civ.P. 56 provides that a motion for summary judgment shall only be granted if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56(a).   To show that facts are not disputed, the moving party must cite to "particular parts of materials in the record."   Fed.R.Civ.P. 56(c)(1).

Plaintiff has not clearly established that he is likely to succeed on the merits or that he is entitled to judgment as a

matter of law on his First Amendment claims.  As previously noted, the Fourth Circuit and other circuits have upheld similar telephone harassment laws against both facial and as-applied challenges.  At this preliminary stage in the litigation, Plaintiff has not made a clear showing that he is likely to succeed—that is, to obtain a result that differs from those other cases.  Additionally, it would not be in the public interest to prohibit Defendants from prosecuting Plaintiff under the Maryland anti-harassment laws, in effect giving him carte blanche to harass MCPD employees via phone and email, prior to determining the constitutionality of those laws.

Plaintiff also has not produced any evidence, aside from a copy of the email from MCPD, that establishes he is entitled to relief on his claim as a matter of law.  He has not, for example, presented any evidence of the contents of his phone calls and emails that provoked MCPD's response, nor has there been any discovery to illuminate the spectrum of constitutional and unconstitutional applications of those laws.  For those reasons, Plaintiff's motions for preliminary injunction, temporary restraining order, and summary judgment will be denied.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motions will be denied, and Defendants' motions to dismiss will be granted in part and denied in part.  A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
