```
       IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
```

GRAHAM SCHIFF                    :

                              :

   v.                  :   Civil Action No. DKC 23-338

                              :

ANTHONY BROWN, Maryland Attorney :
  General, et al.           :

**MEMORANDUM OPINION**

Plaintiff Graham Schiff commenced this action to challenge the constitutionality of Maryland laws that criminalize harassment via phone and electronic mail. Presently pending and ready for resolution is a motion for reconsideration filed by Plaintiff.[1] (ECF No. 49). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

Plaintiff seeks reconsideration of the court's October 18, 2023, memorandum opinion and order granting in part and denying in part Defendants' motion to dismiss or, in the alternative, for more definite statement (ECF No. 25) and motion to dismiss (ECF

---

[1] Plaintiff titled his motion "Motion to Alter or Amend Judgment," but because this court dismissed some, but not all claims, the order was an interlocutory order rather than a final judgment. Thus, the motion is more appropriately construed as a motion for reconsideration.

No. 31). (ECF Nos. 46, 47).[2] Federal Rule of Civil Procedure 54(b) governs motions for reconsideration of orders "that adjudicate[ ] fewer than all the claims" and "do[ ] not end the action." Fed.R.Civ.P. 54(b); *see also Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). Courts in this circuit generally only reconsider interlocutory orders under the following narrow circumstances: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Taylor v. MGM Resorts Int'l, LLC*, No. 21-cv-3192-DKC, 2023 WL 3304896 (D.Md. May 8, 2023), *appeal dismissed*, No. 23-1519, 2023 WL 4839397 (4th Cir. July 28, 2023) (quoting *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005)); *see also Carlson*, 856 F.3d

---

[2] On the same day that Plaintiff filed the motion for reconsideration, he also filed a "response" to the court's order requiring a more definite statement in the form of an amended complaint. (ECF No. 48). In it, he purports to respond to the court's instruction to file a second amended complaint that more clearly identifies which allegations and surviving claims pertain to which defendants. (ECF No. 46, at 19). He also states that he "wishes to proceed on [the] issue" of his request "to have an official oversee any process filed against the plaintiff by the institutions of Defendants McCarthy and Jones." (*Id.*). Shortly thereafter, Defendants filed another motion for more definite statement, pointing out that Plaintiff's "response" is not a properly filed amended complaint. (ECF No. 52). These matters will be addressed after the United States Court of Appeals for the Fourth Circuit has ruled on Plaintiff's appeal, which was noted prior to the filing of the motion for reconsideration. (See ECF No. 50).

at 325.  A motion for reconsideration "may not be used merely to reiterate arguments previously rejected by the court," *Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F.Supp.3d 504, 507 (D.Md. 2015), nor may it be used "to advance new arguments not previously articulated with clarity after those that were made have been rejected," *see Carrero v. Farrelly*, No. 16-cv-3939-JKB, 2018 WL 1761957, at *2 (D.Md. Apr. 12, 2018).

Plaintiff argues that the court should reconsider its decision to dismiss his challenge to Maryland's anti-stalking and anti-harassment laws for lack of standing because "it consists of a manifest error in law[.]"  (ECF No. 49, at 1).  The court denied those claims because Plaintiff did not allege that "MCPD has threatened to refer him for prosecution under" §§ 3-802 and 3-803. (ECF No. 46, at 13); *Schiff v. Brown*, No. 23-cv-338-DKC, 2023 WL 6878968, at *5 (D.Md. Oct. 18, 2023).  To challenge §§ 3-802 and 3-803, Plaintiff needed to "allege[ ] that the conduct for which he was previously arrested and convicted is similar to the conduct he now fears will lead to prosecution for stalking or harassment— his calls and emails to the MCPD."  (*Id.*).  As he failed to do so, "any threat of future prosecution of Plaintiff under §§ 3-802 and 3-803 is conjectural at this point."  (*Id.*).

In his motion for reconsideration, Plaintiff relies on *Kenny v. Wilson*, 885 F.3d 280 (4th Cir. 2018), in which the Fourth Circuit determined that a group of students had standing to challenge South

3

Carolina laws restricting disturbing schools and disorderly conduct as unconstitutionally vague because

> at least some of the named plaintiffs do not rely on conjecture or speculation, but rather, on the fact that they attend school where they were previously arrested and criminally charged under the two South Carolina statutes, and they don't know which of their actions at school will be interpreted to violate the statutes in the future. Further, plaintiffs allege that the two laws chill their exercise of free expression, forcing them to refrain from exercising their constitutional rights or to do so at the risk of arrest and prosecution. In our view, that is sufficient to plead both a future and ongoing injury in fact.

*Kenny*, 885 F.3d at 284. *Kenny* is distinguishable, however, because the court found that the students "face a credible threat of future arrest or prosecution" under the statutes because they "regularly attend schools where they allege there may be future encounters with school resource officers or other law enforcement; they have been prosecuted under the laws in the past; and the defendants have not disavowed enforcement if plaintiffs engage in similar conduct in the future." *Id.* at 289.  Here, on the other hand, Plaintiff has not alleged any risk of future prosecution under §§ 3-802 or 3-803.  Plaintiff's allegation that he "had been previously charged and convicted for stalking and harassment, and . . . the victim of what he could best describe as a hoax, where judges and prosecutors got together and purposely misapplied free speech law to [him], as a means of retaliation, torture, and

4

sadism" does not establish a credible threat that he will be prosecuted under §§ 3-802 or 3-803 in the future.  (ECF No. 49, at 1).

Because Plaintiff has not identified any intervening changes in the law, new evidence, or clear errors in the court's dismissal of his challenge to Maryland's anti-stalking and anti-harassment laws, his motion for reconsideration will be denied.  A separate order will follow.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.  A separate order will follow.

                                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge