IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GRAHAM SCHIFF

       v.

ANTHONY BROWN, Maryland Attorney
  General, et al.

:
:
:   Civil Action No. DKC 23-338
:
:
:

## MEMORANDUM OPINION

Plaintiff Graham Schiff ("Plaintiff") commenced this action to challenge the constitutionality of Maryland laws that criminalize harassment via phone and electronic mail. Presently pending and ready for resolution is the motion for more definite statement or, in the alternative, motion to strike the amended complaint filed by Defendants Marcus Jones, Nicholas Picerno, Anthony Brown, and John McCarthy (collectively, "Defendants"). (ECF No. 52). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for more definite statement will be denied but the alternative motion to strike the amended complaint will be granted, and the amended complaint will be dismissed.

## I.   Background

The relevant facts in this case have been outlined in a previous opinion, (ECF No. 46, at 2-7), but some procedural history

is in order.  After filing the original complaint on March 3, 2023,
Plaintiff moved to amend the complaint on March 9, 2023.  (ECF
No. 5).  The court explained that it was not necessary to move for
leave to file an amended complaint because Plaintiff was within
the 21-day window under Rule 15(a)(1) and provided Plaintiff with
instructions for the amended complaint.  (ECF No. 7, at 2-4).
Specifically, the court instructed:

> Plaintiff's amended complaint should contain,
> at a minimum, a short and plain statement of
> the claim that shows that he is entitled to
> relief, a request for relief, *see* Fed. R. Civ.
> Proc. 8(a), and the name(s) of each defendant,
> *see* Fed. R. Civ. Proc. 10(a).  The first page
> should begin with the case caption, which
> includes the name of the court and the names
> and addresses of all parties.  For example,
> writing the name of only one party and "et
> al." is inadequate.  The body of the amended
> complaint should be made up of double-spaced,
> numbered paragraphs explaining the facts of
> the claim, the legal basis, and the relief
> requested.  At the end, Plaintiff must sign
> and date the amended complaint noting his full
> name, address, and contact information
> underneath his signature.  In sum, the amended
> complaint must include all the allegations
> against each defendant, so that the amended
> complaint may stand alone as the sole
> complaint in this action which Defendants must
> answer.

(ECF No. 7, at 3-4).  Plaintiff filed an amended complaint on March
17, 2023.  (ECF No. 10).

Defendants Marcus Jones ("Chief Jones"), Nicholas Picerno
("Captain Picerno"), and the Montgomery County Police Department

("MCPD")[1] filed a motion to dismiss[2] on April 21, 2023 arguing that Plaintiff failed to adhere to the general pleading requirements and to the court's order because the amended complaint "lumps all of the defendants together and fails to identify the legal basis for his claims, and thereby deprives each defendant of notice." (ECF No. 25, at 5).  Chief Jones, Captain Picerno, and the MCPD also complained that Plaintiff "ignored the clear directive of the Court" to separate his pleadings into "numbered paragraphs identifying the allegations he lodges against *each* defendant[,]" and that it is "difficult, if not impossible to decipher which allegations he lodges against which defendant or formulate a response." (*Id.* at 6-7).

The court declined to grant Defendants' motion to dismiss on the basis that Defendants cannot discern which claims apply to them because "pro se complaints are to be construed liberally, and because the court had little difficulty making out Plaintiff's claims[.]" (ECF No. 46, at 19).  It did, however, order Plaintiff to "file a second amended complaint that more clearly indicates which allegations pertain to which individual defendants within fourteen (14) days." (ECF No. 46, at 19; *see also* ECF No. 47, at

---

[1] The court later dismissed the claims against MCPD.  (ECF Nos. 46, at 14; 47).

[2] Defendants Anthony Brown and John McCarthy filed a separate motion to dismiss.  (ECF No. 31).  They did not request a more definite statement.

2).  To date, Plaintiff has not done so.  Plaintiff did file a response to the court's order[3] arguing that each individual Defendant should remain in the case:

> Defendants Brown and McCarthy, pursuant to their positions of Attorney General and County State Attorney, remain as defendants because they are implicated in the event there is a facial declaration and/or injunction regarding either two remaining statutes (telephone and electronic harassment). Defendant Picerno also remains, because in the event of an injunction, it would also implicate him since the injunction would be to prevent him from filing charges based on speech.
>
> Also, the court dismissed all claims not related to the first amendment.  Among the relief requested in the second amended complaint[] was to have an official oversee any process filed against the plaintiff by the institutions of Defendants McCarthy and Jones. The plaintiff wishes to proceed on that issue because of the past abuse of his first amendment rights.  As such, the dismissal of other claims should not foreclose that issue,

---

[3] On the same day that Plaintiff filed the response to the court's order, he also filed a motion for reconsideration. (ECF No. 49).  In his response, he requested that the court decide his motion for reconsideration before considering his response "in case there needs to be an alteration of the present order being responded to." (ECF No. 48).  The court denied Plaintiff's motion for reconsideration on November 20, 2023. (ECF Nos. 54; 55).  In its memorandum opinion, the court explained that it would address Plaintiff's response to its order and Defendants' second motion for more definite statement after the United States Court of Appeals for the Fourth Circuit has ruled on Plaintiff's appeal. (ECF No. 54, at 2 n.2).  On February 5, 2024, the Fourth Circuit ruled on Plaintiff's appeal, concluding that "the district court did not abuse its discretion in denying the motion for a preliminary injunction because Schiff has not demonstrated his claims are likely to succeed on the merits." (ECF No. 57-1, at 2).

>       and it implicates the need for both McCarthy
>       and Jones as defendants.

(ECF No. 48).   In his response, Plaintiff did not challenge the court's order that he file a second amended complaint.   (*Id*.). Defendants filed a motion for more definite statement or, in the alternative, motion to strike the amended complaint on November 9, 2023.   (ECF No. 52).   Plaintiff filed no response thereafter.

## II.  Analysis

Defendants request that the court order Plaintiff to file a second amended complaint or, in the alternative, strike the amended complaint and in turn dismiss the action for having failed to comply with the court's October 18, 2023 order to provide a more definite statement.   (ECF No. 52, at 5).   First, they argue that the amended complaint "failed to provide each defendant notice of the claim or claims made against him and further failed to enumerate each allegation made against each defendant."   (ECF No. 52, at 4).   Second, they assert that Plaintiff's response to the court's order that he file a second amended complaint failed to comply with the court's order and the Federal Rules of Civil Procedure.   (*Id*.).   Specifically, they contend:

>       In form, Schiff's prior filings in this case,
>       including an Amended Complaint (ECF 10),
>       demonstrate his understanding of how to amend
>       his operative pleading, by filing a new
>       complaint form and enumerating each specific
>       claim (including specific allegations)
>       against each defendant.  In substance, Schiff
>       fails to explain which allegations he is

> asserting as to each defendant.  At best, he continues to argue for injunctive relief against each defendant, but does not provide a "short and plain statement of the claim" as to each defendant, leaving each unable to reasonably prepare the response required by Rule 8(b).

(*Id.* at 4-5).

Rule 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Although *pro se* complaints are held "'to less stringent standards than formal pleadings drafted by lawyers[,]'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), *pro se* litigants such as Plaintiff "are still required to meet 'certain minimal standards of pleading' and 'must adhere to the rudimentary dictates of civil procedure[,]'" *Loper on behalf of C.D. v. Howard Cnty. Pub. Sch.*

*Sys.*, No. 20-cv-2184-RDB, 2021 WL 689963, at *2 (D.Md. Feb. 23, 2021) (quoting *Holsey v. Collins*, 90 F.R.D. 122, 128 (D.Md. 1981)). The court can discern from the amended complaint—which is not a model of clarity—that Plaintiff alleges that Md. Code Ann., Crim. Law §§ 3-802 through 3-805, which criminalize harassment and stalking, violate the free speech clause of the First Amendment to the United States Constitution as applied to him, and that §§ 3-802 and 3-804 are facially overbroad.  Although the court can discern which claims Plaintiff brings, the amended complaint does not specify which claims are brought against which Defendants and does not identify how the facts alleged support his claims for relief.  Plaintiff also failed to double-space his paragraphs as the court directed.  The amended complaint does not provide Defendants with "fair notice" of the claims alleged against them. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court already granted Plaintiff an opportunity to cure the defects in the amended complaint by filing a more definite statement pursuant to Rule 12(e) in the form of a second amended complaint.  (ECF No. 46, at 19).  Because Plaintiff failed to do so, the court has the authority to strike the pleading pursuant to Rule 12(e).  *See Porter v. AMS Servicing, LLC*, No. 10-cv-3252-RWT, 2011 WL 673780, at *2 (D.Md. Feb. 16, 2011) (cautioning the plaintiff that the court "has the authority to strike the Complaint if the Court's order to provide a more definite statement is not

7

obeyed[,]" and striking the complaint in a later order (10-cv-03252-RWTECF, ECF No. 18) when plaintiff failed to file an amended complaint).

Plaintiff did not challenge the court's order to file a second amended complaint in his response. (ECF No. 48). His argument that Defendants should remain in the case because they would be implicated if the court orders an injunction, declaration, or special master to oversee any court process against Plaintiff initiated by Defendants does not resolve the defects in his amended complaint. (*Id.*). Moreover, Plaintiff filed no opposition to Defendants' motion for more definite statement or, in the alternative, motion to strike the amended complaint.

In light of the defects in the amended complaint and Plaintiff's failure to comply with the court's order, the amended complaint will be stricken and the case will be dismissed. *See Sanders v. Midland Funding LLC*, No. 12-cv-2518-DKC, 2012 WL 12877383, at *2 (D.Md. Oct. 12, 2012) (dismissing the case for non-compliance with the court's order to file a more definite statement); *Taylor v. Manis*, No. 7:19-cv-00866, 2021 WL 4129593, at *1, *3-4 (W.D.Va. Sept. 9, 2021), *aff'd*, No. 21-7442, 2022 WL 604058 (4th Cir. Mar. 1, 2022) (dismissing second amended complaint that did not comply with the court's order to list each claim clearly, number them, identify which defendants are named as to each claim, and list the facts in support of each claim, even when

the  plaintiff  filed  an  opposition  that  provided  some
clarification).

## III. Conclusion

For  the  foregoing  reasons,  Defendants' motion  for  more
definite  statement  will  be  denied  and  Defendants' alternative
motion to strike the amended complaint will be granted.  The case
will thus be dismissed.  A separate order will follow.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge

9